**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.4:26-cv-3712 |
| | § | |
| EVERYDAY INVESTEMENTS, INC; | § | |
| MOHAMMED MOOSANI; AND | § | |
| PROFESSIONAL TRAFFIC CONTROL, | § | |
| LLC. | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff PNC Bank, National Association ("PNC") files this Original Complaint against Defendants Everyday Investments, Inc, Mohammed Moosani, and Professional Traffic Control, LLC, respectfully showing the Court as follows:

### PARTIES

1. Plaintiff PNC Bank, National Association ("PNC" or "Plaintiff"), is a national banking association organized under the laws of the United States, with its main office located in Pittsburgh, Pennsylvania. PNC is the successor to BBVA USA f/k/a Compass Bank. For purposes of diversity jurisdiction, PNC is a citizen of the State of Pennsylvania.

2. Defendant Everyday Investments, Inc. ("Borrower"), is a Texas corporation with its principal place of business at 10 Lochbury Court, Spring, Texas 77379. Borrower may be served with process through its registered agent Legalinc Corporate Services, Inc., located at 10601 Clarence Drive, Suite 250, Frisco, Texas 75033, or wherever else it may be found.

3.      Defendant Mohammed Moosani ("Moosani"), is an individual residing in Harris County, Texas. Moosani may be served with process at 10 Lochbury Court, Spring, Texas 77379, or wherever he may be found.

4.      Defendant Professional Traffic Control, LLC ("PTC"), is a Texas limited liability company with its principal place of business at 222 W. Little York Road, Houston, Texas 77076. PTC may be served with process through its registered agent Mohammed Moosani at 222 W. Little York Road, Houston, Texas 77076, or wherever else he may be found.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff PNC is a citizen of the State of Pennsylvania. Defendants Everyday Investments, Inc., Mohammed Moosani, and Professional Traffic Control, LLC are all citizens of the State of Texas.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of property that is the subject of this action — namely, the real property located at 222 W. Little York Road, Houston, Harris County, Texas 77076 — is situated in this District.

7.      Venue is proper in the Houston Division of this District because the real property that is the subject of the judicial foreclosure claim is located in Harris County, Texas.

**FACTUAL BACKGROUND**

**A.  The Loan Documents**

8.      On or about January 20, 2021, Borrower executed a Business Loan Agreement (the "Loan Agreement") with BBVA USA (PNC's predecessor in interest) pursuant to which BBVA

USA agreed to extend credit to Borrower. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

9.     In connection with the Loan Agreement, Borrower executed and delivered to BBVA USA a Promissory Note dated January 20, 2021, in the original principal amount of $1,680,000.00 (the "Note"). The Note bears interest at a variable rate and matured on January 20, 2026. Borrower agreed to repay the Note in accordance with the amortization schedule attached thereto, with all remaining principal and accrued interest due and payable at maturity. A true and correct copy of the Note is attached hereto as **Exhibit B** and incorporated herein by reference.

10.     As additional security for repayment of the Note, Borrower executed and delivered a Deed of Trust dated January 20, 2021 (the "Deed of Trust"), conveying a lien on and security interest in certain real property located at 222 W. Little York Road, Houston, Harris County, Texas 77076, and being more particularly described as being out of and a part of Lot 53, Little York, a subdivision in Harris County, Texas, containing approximately 8.6260 acres (175,749 square feet), as more particularly described by metes and bounds in the Deed of Trust (the "Property"). The Deed of Trust was recorded on January 21, 2021, as Instrument No. RP-2021-33085 in the Official Public Records of Harris County, Texas. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

11.     The Deed of Trust also contains an assignment of rents and a security interest in all personal property associated with the Property, including all improvements, fixtures, rents, issues, and profits therefrom.

12.     On or about December 15, 2022, Borrower and PNC executed an Amendment to Loan Documents (the "Amendment"), which, among other things, replaced the LIBOR-based interest rate provisions in the Note with a SOFR-based benchmark rate. The Amendment ratified

and confirmed all other terms and conditions of the Loan Documents. A true and correct copy of the Amendment is attached hereto as **Exhibit D** and incorporated herein by reference.

13.     The Loan Agreement, Note, Deed of Trust, Amendment, and all other instruments, agreements, and documents executed in connection therewith are collectively referred to herein as the "Loan Documents."

## B.  The Guaranties

14.     On or about January 20, 2021, Defendant Mohammed Moosani executed and delivered to BBVA USA an unconditional, continuing Commercial Guaranty (the "Moosani Guaranty"), pursuant to which Moosani personally, absolutely, and unconditionally guaranteed to PNC's predecessor the full and punctual payment and satisfaction of all of Borrower's indebtedness under the Note and Related Documents, on an open and continuing basis. The Moosani Guaranty contains no limitation on the amount guaranteed. A true and correct copy of the Moosani Guaranty is attached hereto as **Exhibit E** and incorporated herein by reference.

15.     On or about January 20, 2021, Defendant Professional Traffic Control, LLC executed and delivered to BBVA USA an unconditional, continuing Commercial Guaranty (the "PTC Guaranty"), pursuant to which PTC absolutely and unconditionally guaranteed to PNC's predecessor the full and punctual payment and satisfaction of all of Borrower's indebtedness under the Note and Related Documents, on an open and continuing basis. The PTC Guaranty contains no limitation on the amount guaranteed. A true and correct copy of the PTC Guaranty is attached hereto as **Exhibit F** and incorporated herein by reference.

16.     Under the terms of each Guaranty, the respective Guarantor's obligations are independent of and in addition to the obligations of the Borrower, and PNC is not required to exhaust its remedies against the Borrower or any other party before enforcing the Guaranty. Each

Guarantor agreed that its liability under the Guaranty would not be diminished or affected by any extension, renewal, or modification of the Loan Documents, or by any release or substitution of any collateral.

## C. PNC as Successor by Merger

17.    On or about June 1, 2021, BBVA USA merged with and into PNC Bank, National Association, with PNC as the surviving entity. PNC succeeded to all of BBVA USA's rights, title, and interest in and to the Loan Documents, including the Note, Deed of Trust, Loan Agreement, Amendment, and Guaranties. PNC is the current holder, owner, and beneficiary of the Note, Deed of Trust, and all related Loan Documents.

## D. Default

18.    Borrower has failed to make payments on the Note as and when due. The Note matured on January 20, 2026, at which time all remaining principal, accrued and unpaid interest, late charges, and other amounts due and owing under the Note and Loan Documents became immediately due and payable in full.

19.    As of February 27, 2026, the outstanding indebtedness under the Note was as follows:

| | |
|---|---|
| Principal Balance | $1,243,518.60 |
| Accrued Unpaid Interest: | $1,730.61 |
| Late Charges: | $62,175.93 |
| Per Diem Interest: | $246.44 |
| **Total Payoff Amount** (as of February 27, 2026) | **$1,310,125.14** |

20.     Interest and other charges have continued to accrue since February 27, 2026, and will continue to accrue at the applicable contract rate until the date of judgment. PNC will prove the precise amount of the total indebtedness at trial.

21.     On or about April 1, 2026, PNC, through its counsel, sent a written demand letter to Borrower demanding payment in full of all amounts due and owing under the Loan Documents. Borrower has failed and refused to cure the default or otherwise respond to the demand.

22.     PNC has performed all conditions, obligations, and covenants required of it under the Loan Documents. All conditions precedent to the filing of this suit have been performed or have occurred.

**E.  The Second Lien**

23.     On information and belief, on or about February 26, 2026, after the maturity of the Note and during the pendency of Borrower's default, Borrower executed a Second Lien Deed of Trust in favor of HNL Investments Group, LLC, in the amount of $900,000, recorded on March 2, 2026, as Instrument No. RP-2026-75784 in the Official Public Records of Harris County, Texas (the "Second Lien"). The Second Lien is inferior and subordinate to PNC's prior-recorded Deed of Trust (Instrument No. RP-2021-33085). PNC's lien is and at all times has been a first and prior lien against the Property.

**CAUSES OF ACTION**

**A.  Count One: Breach Of Contract (Against Defendant Everyday Investments, Inc.)**

24.     PNC incorporates by reference the allegations set forth in all preceding paragraphs as if fully restated herein.

25.     The Note and Loan Agreement are valid and enforceable contracts between Borrower and PNC's predecessor, BBVA USA. PNC, as successor by merger to BBVA USA, is the current holder and owner of the Note and the beneficiary of the Loan Agreement.

26.     Under the terms of the Note, Borrower agreed to repay the principal amount of $1,680,000.00, together with all accrued interest, late charges, costs, and fees, in accordance with the payment schedule set forth therein, with all remaining amounts due and payable no later than January 20, 2026.

27.     Borrower has breached the Note and Loan Agreement by, among other things, failing to make payments as and when due and failing to pay all amounts owed at maturity. These failures constitute Events of Default under the Note and Loan Agreement.

28.     As a result of Borrower's breach, PNC has been damaged in an amount equal to the outstanding principal balance, accrued and unpaid interest, late charges, per diem interest, costs, expenses, and attorneys' fees, all as provided for in the Loan Documents, together with interest thereon at the contract rate or the maximum rate permitted by law.

**B.  Count Two: Breach Of Guaranty (Against Moosani)**

29.     PNC incorporates by reference the allegations set forth in all preceding paragraphs as if fully restated herein.

30.     Moosani executed the Moosani Guaranty, which is a valid and enforceable agreement. The Moosani Guaranty unconditionally guarantees the full and punctual payment and satisfaction of all of Borrower's indebtedness under the Note and Related Documents.

31.     PNC is the current holder and owner of the Note and the beneficiary of the Moosani Guaranty. The Note is in default, and all conditions of Moosani's liability under the Moosani Guaranty have been met.

32.     Moosani has breached the Moosani Guaranty by failing to pay the amounts owed under the Note upon Borrower's default. Despite demand, Moosani has failed and refused to satisfy his obligations under the Moosani Guaranty.

33.    PNC has been damaged by Moosani's breach in an amount equal to the full outstanding indebtedness under the Note, including principal, accrued interest, late charges, per diem interest, costs, expenses, and attorneys' fees.

## C.  Count Three: Breach Of Guaranty (Against PTC)

34.    PNC incorporates by reference the allegations set forth in all preceding paragraphs as if fully restated herein.

35.    PTC executed the PTC Guaranty, which is a valid and enforceable agreement. The PTC Guaranty unconditionally guarantees the full and punctual payment and satisfaction of all of Borrower's indebtedness under the Note and Related Documents.

36.    PNC is the current holder and owner of the Note and the beneficiary of the PTC Guaranty. The Note is in default, and all conditions of PTC's liability under the PTC Guaranty have been met.

37.    PTC has breached the PTC Guaranty by failing to pay the amounts owed under the Note upon Borrower's default. Despite demand, PTC has failed and refused to satisfy its obligations under the PTC Guaranty.

38.    PNC has been damaged by PTC's breach in an amount equal to the full outstanding indebtedness under the Note, including principal, accrued interest, late charges, per diem interest, costs, expenses, and attorneys' fees.

## D.  Count Four: Judicial Foreclosure (Against All Defendants)

39.    PNC incorporates by reference the allegations set forth in all preceding paragraphs as if fully restated herein.

40.    The Deed of Trust creates a valid, enforceable, first-priority lien against the Property in favor of PNC, as successor to BBVA USA. The Deed of Trust was properly recorded

on January 21, 2021, as Instrument No. RP-2021-33085 in the Official Public Records of Harris County, Texas.

41.     The indebtedness secured by the Deed of Trust is the same indebtedness evidenced by the Note. Borrower has defaulted on the Note and Loan Agreement, and the entire indebtedness secured by the Deed of Trust is now due and payable.

42.     PNC is entitled to judicial foreclosure of its lien on the Property. Under Texas law, a court may order judicial foreclosure upon proof establishing the debt and fixing the lien. PNC has established the existence of the debt evidenced by the Note and has fixed its lien through the duly recorded Deed of Trust.

43.     PNC requests that this Court enter a judgment of foreclosure ordering that the Property be sold in accordance with applicable law, with the proceeds applied first to the costs of sale, then to the satisfaction of PNC's indebtedness, including all principal, accrued interest, late charges, costs, expenses, and attorneys' fees, and that any surplus be paid in accordance with the priority of liens and the rights of the parties.

44.     PNC's lien created by the Deed of Trust (Instrument No. RP-2021-33085) is prior and superior to the Second Lien held by HNL Investments Group, LLC (Instrument No. RP-2026-75784), and any sale of the Property should be made free and clear of the Second Lien, with any interest of HNL Investments Group, LLC attaching to the surplus proceeds, if any.

45.     If the proceeds of the foreclosure sale are insufficient to satisfy the total indebtedness owed to PNC, PNC is entitled to a deficiency judgment against Borrower and the Guarantors for the remaining balance.

**E.  Count Five: Attorneys' Fees (Against All Defendants)**

46.     PNC incorporates by reference the allegations set forth in all preceding paragraphs as if fully restated herein.

47.     PNC is entitled to recover its reasonable and necessary attorneys' fees and costs of court incurred in prosecuting this action pursuant to Texas Civil Practice and Remedies Code § 38.001 et seq. PNC's claims arise from written contracts—the Note, Loan Agreement, and Guaranties—and PNC has presented its claims to Defendants, who have failed to tender payment within thirty (30) days after such presentment.

48.     PNC is further entitled to recover its reasonable and necessary attorneys' fees and costs pursuant to the express terms of the Loan Documents, which provide that Borrower and Guarantors shall pay all costs and expenses, including reasonable attorneys' fees, incurred by the Lender in connection with the enforcement of the Loan Documents or the collection of amounts due thereunder.

49.     PNC is also entitled to recover its reasonable and necessary attorneys' fees incurred in the event of an appeal to the Court of Appeals and, if necessary, to the Supreme Court of the United States.

**REQUEST FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff PNC Bank, National Association respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally where applicable, as follows:

- For judgment against Defendant Everyday Investments, Inc. for the full amount of the outstanding indebtedness under the Note, including all unpaid principal, accrued and unpaid interest at the contract rate, late charges, and per diem interest accruing through the date of judgment;

- For judgment against Defendant Mohammed Moosani, jointly and severally with Borrower, for the full amount of the outstanding indebtedness under the Note, pursuant to the Moosani Guaranty;

- For judgment against Defendant Professional Traffic Control, LLC, jointly and severally with Borrower, for the full amount of the outstanding indebtedness under the Note, pursuant to the PTC Guaranty;

- For an order of judicial foreclosure directing the sale of the Property located at 222 W. Little York Road, Houston, Harris County, Texas 77076, as more particularly described in the Deed of Trust, with proceeds applied to the satisfaction of PNC's indebtedness, and declaring PNC's Deed of Trust lien (Instrument No. RP-2021-33085) prior and superior to the Second Lien held by HNL Investments Group, LLC (Instrument No. RP-2026-75784);

- For a deficiency judgment against Defendants for any amounts remaining unpaid after application of the foreclosure sale proceeds;

- For an award of pre-judgment and post-judgment interest at the highest rate allowed by contract or by law;

- For an award of reasonable and necessary attorneys' fees and costs of court pursuant to Texas Civil Practice and Remedies Code § 38.001 et seq. and the terms of the Loan Documents, including fees for any appeal; or all costs of court incurred herein; and

- For such other and further relief, at law or in equity, to which PNC may show itself justly entitled.

Respectfully submitted,

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 - Telephone
817-338-1610 - Facsimile

*/s/ Matthew J. McGowan*
Jeffrey V. Leaverton
Texas Bar No. 24078840
jleaverton@padfieldstout.com
Matthew J. McGowan
Texas Bar No. 24098077
mmcgowan@padfieldstout.com

*Attorneys for Plaintiff PNC Bank, National Association*

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    PAGE 11